UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DORIS LAPHAM,

    Plaintiff,

v.

WALGREEN CO.,

    Defendant.

Case No.:
Circuit Case No.: 2019-CA-010222

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, WALGREEN CO. (hereinafter "Defendant" or "Walgreens"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby gives notice of the removal of the above-styled action filed by Plaintiff, DORIS LAPHAM (hereinafter "Plaintiff"), from the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida, to this Court. Defendant submits the following short and plain statement of the grounds for removal, in accordance with 28 U.S.C. § 1446(a), which shows that removal is proper in this case:

1. On February 5, 2019, Plaintiff filed a Complaint against Defendant in the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida. The Clerk of that Court assigned Case No. 2019-CA-010222 to this action.

2. Plaintiff served Defendant with a Summons and a copy of the Complaint (Compl.) on February 22, 2019. (See Exhibit A).

3. Plaintiff's Complaint purports to set forth five counts against Defendant for alleged violations of the Family Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA"), Florida's Private Sector Whisteblower's Act, F.S. § 448.102, *et seq.* ("FPSWA"), and the Florida Civil Rights Act, Fla. Stat. § 760 et seq. ("FCRA"). (Compl. ¶¶ 1, 5-15).

4. The Court has original jurisdiction over this action over civil actions arising under the Constitution, laws, or treaties of the United States. See 28 U.S.C. § 1331. In this case, the Court has original jurisdiction over this action because Plaintiff alleges violations of the FMLA. See 28 U.S.C. § 1331. It also has supplemental jurisdiction over the alleged violations of the FPSWA and the FCRA contained in the Complaint. See 28 U.S.C. § 1367. Therefore, this action is properly removable under 28 U.S.C. § 1331 and § 1441(a), which allows for removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

5. Venue is proper in this Court under 28 U.S.C. § 1391(b), 1441(a), and Local Rule 1.02, United States District Court, Middle District of Florida.

6. A complete copy of all pleadings filed in the Circuit Court of the Seventh Judicial Circuit has been filed simultaneously with this Notice of Removal.

7. Defendant has provided written notice of the removal to Plaintiff, and, contemporaneously with this Notice, Defendant is filing the Notice of Filing Notice of Removal in the Circuit Court of the Seventh Judicial Circuit, in and for Volusia County, Florida. A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit B.

8. Defendant will respond to the Complaint in this Court in accordance with Rules 8, 12, and 81 of the Federal Rules of Civil Procedure and Local Rule 4.02.

9. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it has been filed within thirty (30) days after service of the complaint.

WHEREFORE, Defendant respectfully requests that this Court assume jurisdiction over this matter for all further proceedings.

Dated this 25th day of March, 2019.

                                           Respectfully submitted,

                                           */s/ Gregory A. Hearing*
                                           GREGORY A. HEARING
                                           Florida Bar No.: 817790
                                           ghearing@tsghlaw.com
                                           BENJAMIN W. BARD
                                           Florida Bar No.: 95514
                                           bbard@tsghlaw.com
                                           THOMPSON, SIZEMORE, GONZALEZ
                                           & HEARING, P.A.
                                           201 N. Franklin St., Suite 1600
                                           Post Office Box 639 (33601)
                                           Tampa, Florida, 33602
                                           Tel: (813) 273-0050
                                           Fax: (813) 273-0072
                                           Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 25th day of March, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CMECF system, which will send a notice of the electronic filing to the following:

Kelly H. Chanfrau
Chanfrau & Chanfrau, P.L.
701 N. Peninsula Drive
Daytona Beach, FL 32188
Kelly@chanfraulaw.com
ATTORNEY FOR PLAINTIFF

                                           */s/ Gregory A. Hearing*
                                           Attorney

## IN THE CIRCUIT/COUNTY COURT IN AND FOR VOLUSIA COUNTY, FLORIDA

Judge : Kathryn Weston - Div. 02
Case No.: 2019 10222 CIDL

DORIS LAPHAM            -vs-            WALGREEN CO., A/K/A WALGREENS, A
                                        FOR-PROFIT AND FOREIGN CORPORATION
Plaintiff(s),                                        Defendant(s).

### SUMMONS

### THE STATE OF FLORIDA:
### TO EACH SHERIFF OF THE STATE:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in the above styled cause upon the defendant(s):

WALGREEN CO., A/K/A WALGREENS, A FOR-PROFIT AND FOREIGN CORPORATION
C/O PRENTICE-HALL CORPORATION SYSTEM, INC.
1201 HAYS STREET, SUITE 105
TALLAHASSEE, FL 32301

Each defendant is hereby required to serve written defenses to said complaint or petition on plaintiff or plaintiff's attorney, whose name and address is

KELLY H CHANFRAU
701 N PENINSULA DR
DAYTONA BEACH, FL 32118

within 20 days after service of this summons upon that defendant exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court before service on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED : February 7, 2019

fwd to pltf's atty via e-service for SOP

LAURA E. ROTH
CLERK OF CIRCUIT/COUNTY COURT

By : Keith Bura-ay, Deputy Clerk
e-Signed 2/7/2019 1:22:32 PM 2019 10222 CIDL

**EXHIBIT A**

(See reverse side for additional information.)

SERVED THIS ___ DAY OF Feb
20 19 AT 11:40 A.M. ___ P.M.
WALT McNEIL, SHERIFF OF LEON COUNTY, FL
BY _____ DS

## ADDRESS OF THE CLERK OF THE CIRCUIT COURT

LAURA E. ROTH
CLERK OF THE COURT
P.O. BOX 6043
DELAND, FL 32721-6043

If English is not your native language and you need assistance understanding the court's proceedings, you will need to bring someone to interpret for you as this service is not provided by the court.

Si el inglés no es su lengua materna y va a necesitar ayuda para entender el proceso judicial, tendrá que traer a alguien para que le interprete ya que el tribunal no ofrece este servicio.

### REQUESTS FOR ACCOMMODATIONS BY PERSONS WITH DISABILITIES

If you are a person with a disability who needs an accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact Court Administration, 125 E. Orange Ave., Ste. 300, Daytona Beach, FL 32114, (386) 257-6096, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the appearance is less than 7 days; if you are hearing impaired or voice impaired, call 711.

**THESE ARE NOT COURT INFORMATION NUMBERS**

### SOLICITUD DE ADAPTACIONES PARA PERSONAS CON DISCAPACIDADES

Si usted es una persona con discapacidad que necesita una adaptación para poder participar en este procedimiento, usted tiene el derecho a que se le proporcione cierta asistencia, sin incurrir en gastos. Comuníquese con la Oficina de Administración Judicial (Court Administration), 125 E. Orange Ave., Ste. 300, Daytona Beach, FL 32114, (386) 257-6096, con no menos de 7 días de antelación de su cita de comparecencia ante el juez, o de inmediato al recibir esta notificación si la cita de comparecencia está dentro de un plazo menos de 7 días; si usted tiene una discapacidad del habla o del oído, llame al 711.

**ESTOS NUMEROS TELEFONICOS NO SON PARA OBTENER INFORMACION JUDICIAL**

IN THE CIRCUIT COURT, SEVENTH JUDICIAL CIRCUIT
IN AND FOR VOLUSIA COUNTY, FLORIDA

DORIS LAPHAM

    Plaintiff,

                                          Case No.

vs.

WALGREEN CO., a/k/a
WALGREENS, a for-profit and
Foreign corporation.

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, DORIS LAPHAM (hereinafter "Plaintiff"), by and through her undersigned attorneys, and sues Defendant, WALGREEN CO. (hereinafter "Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $15,000.00.

2. Venue lies within Volusia County because a substantial part of the events giving rise to this claim arose in this Judicial District.

### INTRODUCTION

3. This is an action brought pursuant to the Florida's Private Sector Whistleblower's Act, F.S. § 448.102, *et seq.*, the Family Medical Leave Act, 29 U.S.C. §§ 2601-2654 ("FMLA"), and the Florida Civil Rights Act ("FCRA"). Defendant discriminated against, harassed, and retaliated against Plaintiff and Plaintiff seeks economic and non-economic damages including but not limited to back pay, front pay, lost benefits, emotional distress, pain and suffering,

1

compensatory damages, punitive damages, equitable relief, injunctive relief and attorneys' fees and costs.

4. All conditions precedent to bringing this action have occurred.

5. Plaintiff timely filed a dual-charge of discrimination with the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"). More than 180 days have passed since the filing of said charge and this lawsuit is timely filed.

6. Defendant is an "employer" as defined by the laws under which this action is brought and employ more than 15 employees.

7. Defendant is subject to the requirements of the FMLA and is within the jurisdiction of this Court. Defendant is an "Employer" as that term is defined by the FMLA (as they employ more than 50 employees in a 75 mile radius in the location at issue) and employ the requisite number of employees in order to be subject to the FMLA.

## PARTIES AND GENERAL ALLEGATIONS

8. At all times material hereto, the Plaintiff was a resident of Volusia County, Florida.

9. At all times material hereto, Defendant is a foreign corporation, licensed and authorized to conduct business in the State of Florida and doing business within Volusia County.

10. At all times material hereto, Defendant acted with malice and with reckless disregard for Plaintiff's state and federally protected rights.

11. At all times material hereto, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

12. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay her counsel a reasonable fee for legal services.

13. Plaintiff requests/demands a jury trial for all issues so triable.

## FACTS

14. Plaintiff is a 48 year-old female who was employed by Defendant for over eleven years.

15. Plaintiff held the position of Store Team Leader Assistant until she was terminated on April 13, 2017 under the pretext of insubordination.

16. Plaintiff was well qualified for the Store Team Leader Assistant position with Defendant and had held that position for over eleven years.

17. During a short time period before her pretextual firing, Plaintiff complained to Defendant's manager that the store was not meeting OSHA requirements and Health Department REGULATIONS and FLORIDA LAWS due to numerous roaches (at least 12) in the pharmacy area. Plaintiff put in several orders for approval for an exterminator to treat the store, but was denied by Defendant's manager. Eventually, the exterminator was allowed to come to the store and Plaintiff stayed until 11:00 p.m. to allow them access to the store.

18. Plaintiff complained to Defendant's manager that the cooler was filthy and that she suspected that Salmonella was in the cooler. Plaintiff also told Defendant's manager that there were bugs in the cooler. Defendant's manager refused Plaintiff's request to have a professional to come in to take care of the situation. Plaintiff complained that the Defendant was in violation of FLORIDA, FEDERAL and local laws, rules, and regulations.

19. Plaintiff notified Defendant's manager that the bathroom had feces in the sink, on the wall and on the toilet and they could not have those kinds of violations of OSHA and the Health Department without having it adequately cleaned by a professional. Plaintiff put in an Order to have the area professionally cleaned. The order was declined by Defendant's

management stating that it would cost about $2,000.00 to clean and that would affect Defendant's manager's bonus.

20. In the weeks prior to her pretextual firing, Plaintiff complained to Defendant's Corporate Office about the many violations of laws, rules and regulations that could affect public health and customer health with the manager and was told that they were aware of the problems and that the manager would be transferred.

21. Plaintiff objected to health hazards that would harm the public and customers including feces that littered the bathroom in the sink, and covered the walls.

21. Plaintiff applied for FMLA leave to Defendant in late February 2017 to care for her disabled son who had a serious health condition.

22. Plaintiff's manager, refused to cooperate with her request for FMLA and interfered with Plaintiff's rights. As a result, Plaintiff filed an internal complaint with HR that she was being discriminated against, harassed and retaliated against in violation of civil rights laws and the FMLA.

23. Defendant's HR received Plaintiff's complaints and protected activities however it is believed that Defendant's HR attempted to sweep her complaints under the rug and ignored them.

24. Plaintiff again submitted paperwork for protected FMLA leave at the end of March 2017.

25. In retaliation and due to Plaintiff's protected activities and requests for FMLA, Defendant fired Plaintiff for alleged alleged "insubordination" in early April 2017 which is a pretext for retaliation and discrimination. Defendant then denied Plaintiff's FMLA.

## COUNT I
### (Florida's Private Sector Whistleblower's Act)

26. Plaintiff, re-alleges and adopts paragraphs 1-25 as though set forth fully herein.

27. This is an action for damages pursuant to Florida's Private Sector Whistleblower's Act, F.S. § 448.102, *et seq.*

28. As set forth above, Plaintiff's reports, objections, complaints about, and refusal to participate in Defendant's illegal conduct is directly protected under the Florida Whistle-Blower Law. Defendant's illegal conduct includes, but is not limited to violations of laws, rules and regulations, including, but not limited to the Federal OSHA Safety Regulations, Florida Safety Regulations, and other State and federal laws, rules and regulations included throughout 29 C.F.R. 1910, *et. seq.* In addition, Plaintiff also complained that she was being discriminated against and retaliated againt for requesting FMLA.

29. After reporting the Defendant's illegal activities, Defendant retaliated against Plaintiff by terminating her within a very short period of time and weeks.

30. As a result of the retaliatory actions of Defendant, Plaintiff has suffered damages including lost wages, benefits, and other remuneration, emotional distress, pain and suffering and humiliation. These losses are permanent and will continue into the future.

31. As a result of Defendant's unlawful acts against Plaintiff, Plaintiff will continue to incur attorney's fees which are recoverable under Section 448.104(3), Florida Statutes.

WHEREFORE, Plaintiff prays for all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay;

    c. Front pay and/or lost earning capacity;

    d. Compensatory damages;

    e. Costs and attorney's fees; and

    f. Such other relief as the Court may deem just and proper.

## COUNT II – FMLA RETALIATION

32. Plaintiff hereby reincorporates and readopts all allegations contained within paragraphs 1 - 25 as if fully restated herein.

33. At all times relevant to the facts alleged in this Complaint, Plaintiff's family member (her son) suffered from one or more serious health conditions which permitted her to take family medical leave as she was entitled to do pursuant to the FMLA.

34. Plaintiff exercised her rights by requesting FMLA leave and Plaintiff was entitled to FMLA leave and Defendant denied her the rights to which she was entitled.

35. Defendant retaliated against Plaintiff for exercising her FMLA rights by disciplining and terminating her.

36. Defendant's actions were willful, malicious, knowing and voluntary, and otherwise done with reckless indifference for Plaintiff's rights.

37. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

    a. Enter a judgment that Defendant's retaliation against Plaintiff was a violation of the FMLA;

    b. Enjoin and permanently restrain Defendant from further violations of the FMLA;

    c. Direct Defendant to reinstate Plaintiff with full seniority to an equivalent position with back pay with interest, pension rights, and all benefits, or the alternative, enter a

judgment pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses he suffered as a direct result of Defendant's violations of the FMLA;

        d.     Award compensatory damages to Plaintiff;

        e.     Award back pay, with interest;

        f.     Award liquidated damages;

        g.     Award reasonable costs and attorneys' fees; and

        h.     Award relief to which Plaintiff is entitled including but not limited to equitable relief.

## **COUNT III – DISABILITY DISCRIMINATION UNDER THE FCRA**

38. Plaintiff re-alleges and adopts paragraphs 1-25 as though set forth fully herein.

39. Plaintiff's son is disabled and Plaintifff is associated with him.

40. Defendant's decision to harass (subject her to a hostile work environment), demean and fire Plaintiff was based upon her son's disabilities and her requests for leave to care for him.

41. Plaintiff would not have been terminated but for these unlawful motives. The reason given by the employer for the termination is false and pretextual.

42. As a result of the unlawful discrimination described above, Plaintiff has suffered damages. Plaintiff has had to retain the undersigned counsel and will continue to incur fees and costs.

43. The discrimination described above was done willfully, was malicious and done with a reckless disregard for Plaintiff's rights under federal law.

44. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other

employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

      a. Back pay and benefits;

      b. Interest on back pay;

      c. Front pay and/or lost earning capacity;

      d. Compensatory damages, emotional distress damages;

      e. Injunctive relief and reinstatement;

      f. Prejudgment interest;

      g. Punitive damages;

      h. Costs and attorney's fees; and

      i. Such other relief as the Court may deem just and proper.

## COUNT IV – RETALIATION UNDER THE FCRA

45. Plaintiff re-alleges and adopts paragraphs 1-25 as though set forth fully herein.

46. Plaintiff's son is disabled.

47. Defendant engaged in protected activity by virtue of her requests for accommodations in the form of time off to care for her disabled son and complaints of discrimination. Defendant retaliated against Plaintiff based upon her requests for reasonable accommodations to care for her son.

48. Defendant's decision to retaliate against Plaintiff and terminate Plaintiff from her employment was motivated and based upon her requests for accommodation and complaints of discrimination, and association with her disabled son.

49. Plaintiff would not have been terminated but for these unlawful motives. The reason given by the employer for the termination is false and pretextual.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay;

    c. Front pay and/or lost earning capacity;

    d. Compensatory damages, emotional distress damages;

    e. Injunctive relief and reinstatement;

    f. Prejudgment interest;

    g. Punitive damages;

    h. Costs and attorney's fees; and

    i. Such other relief as the Court may deem just and proper.

## COUNT V – FMLA INTERFERENCE

50. Plaintiff hereby reincorporates and readopts all allegations contained within paragraphs 1 - 25 as if fully restated herein.

51. At all times relevant to the facts alleged in this Complaint, Plaintiff's son suffered from one or more serious health conditions which required her to take medical leave and time off as she was entitled to do pursuant to the FMLA.

52. Plaintiff exercised her rights by advising Defendant that her son suffered from a serious health condition and would need time off for care and treatment. Plaintiff was entitled to FMLA leave to care for him.

53. Defendant failed to cooperate with Plaintiff in her attempt to exercise his FMLA rights and otherwise interfered with Plaintiff's attempt to exercise his FMLA rights.

54. Defendant interfered with Plaintiff's rights under the FMLA in violation of 29 U.S.C. § 2614(a)(1)(A) and 2615(a)(2).

55. Defendant's actions were willful, malicious, knowing and voluntary, and otherwise done with reckless indifference for Plaintiff's rights.

56. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which she is entitled to legal and injunctive relief.

WHEREFORE, Plaintiff requests that this Court:

a. Enter a judgment that Defendant's interference of Plaintiff's rights was a violation of the FMLA;

b. Enjoin and permanently restrain Defendant from further violations of the FMLA;

c. Direct Defendant to reinstate Plaintiff with full seniority to an equivalent position with back pay with interest, pension rights, and all benefits, or in the alternative, enter a judgment pursuant to 29 U.S.C. § 2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses she suffered as a direct result of Defendant's violations of the FMLA;

d. Award front pay;

e. Award liquidated damages;

g. Award reasonable costs and attorneys' fees;

h. Award prejudgment interest; and

i. Award relief to which Plaintiff is entitled including but not limited to equitable relief.

57. As a result of the unlawful retaliation described above, Plaintiff has suffered damages. Plaintiff has had to retain the undersigned counsel and will continue to incur fees and costs.

58. The retaliation described above was done willfully, was malicious and done with a reckless disregard for Plaintiff's rights under federal law.

59. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay;

    c. Front pay and/or lost earning capacity;

    d. Compensatory damages, emotional distress damages;

    e. Injunctive relief and reinstatement;

    f. Prejudgment interest;

    g. Punitive damages;

    h. Costs and attorney's fees; and

    i. Such other relief as the Court may deem just and proper.

DATED this 5th day of February, 2019.

Respectfully submitted,

CHANFRAU & CHANFRAU, P.L.

*/s/ Kelly H. Chanfrau*
Kelly H. Chanfrau, B.C.S.
Florida Bar No. 560111
701 N. Peninsula Drive
Daytona Beach, FL 32118
P: 386-258-7313
F: 386-238-1464
E-mail: Kelly@chanfraulaw.com

COUNSEL FOR PLAINTIFF

12

### IN THE CIRCUIT COURT OF THE SEVENTH JUDICIAL CIRCUIT
### IN AND FOR VOLUSIA COUNTY, FLORIDA
### CIVIL DIVISION

**DORIS LAPHAM,**

    **Plaintiff,**

                                                  Case No: 2019-CA-010222

v.

**WALGREEN CO.,**

    **Defendant.**

_____/

## NOTICE OF FILING NOTICE OF REMOVAL

YOU ARE HEREBY NOTIFIED that the attached copy of the Notice of Removal to the United States District Court for the Middle District of Florida, Orlando Division, has been filed with the Clerk of said District Court in Orlando, Florida, by using the CM/ECF system, on this 25th day of March, 2019. Pursuant to 28 U.S.C. § 1446, Defendant respectfully requests that this Court proceed no further in this cause unless and until this action is remanded to state court.

Dated this 25th day of March, 2019.

                                                  Respectfully submitted,

                                                  ***/s/Gregory A. Hearing***
                                                  GREGORY A. HEARING
                                                  Florida Bar No.: 817790
                                                  ghearing@tsghlaw.com
                                                  BENJAMIN W. BARD
                                                  Florida Bar No.: 95514
                                                  bbard@tsghlaw.com
                                                  THOMPSON, SIZEMORE, GONZALEZ
                                                  & HEARING, P.A.
                                                  201 N. Franklin St., Suite 1600
                                                  Post Office Box 639 (33601)
                                                  Tampa, Florida, 33602
                                                  Tel:  (813) 273-0050
                                                  Fax:  (813) 273-0072
                                                  Attorneys for Defendant

**EXHIBIT B**

2

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the <u>25th</u> day of March, 2019, I electronically filed the foregoing with the Clerk of the Court by using the Florida Courts E-Filing Portal, which will send a notice of the electronic filing to the following:

  Kelly H. Chanfrau
  Chanfrau & Chanfrau, P.L.
  701 N. Peninsula Drive
  Daytona Beach, FL 32188
  Kelly@chanfraulaw.com
  ATTORNEY FOR PLAINTIFF

               */s/Gregory A. Hearing*
               Attorney

2