UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DORIS LAPHAM,

        Plaintiff,

v.                                          Case No: 6:19-cv-579-Orl-40DCI

WALGREEN CO.,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant Walgreen Co.'s Motion to Dismiss the Amended Complaint or, in the Alternative, for a More Definite Statement (Doc. 16), and Plaintiff Doris Lapham's Response in Opposition (Doc. 17). Upon consideration, Defendant's motion is due to be granted in part and denied in part.

**I.    BACKGROUND**

This employment discrimination and retaliation case arises from Defendant Walgreen Co.'s ("**Walgreens**") termination of Plaintiff Doris Lapham's employment in the wake of reports by Plaintiff of illegality and improper practices, and her requests for leave under the Family and Medical Leave Act ("**FMLA**"). (Doc. 13, ¶ 29).

Plaintiff worked for Walgreens for over eleven years, but towards the end of her tenure experienced difficulties involving leave requests. (*Id.* ¶¶ 18, 22). Plaintiff is the only caregiver for her disabled son whom requires extensive care. (*Id.* ¶ 18). In 2016, Plaintiff requested, and Defendant granted, intermittent FMLA leave to care for her son. (*Id.* ¶ 21). Later, Plaintiff's manager changed. (*Id.* ¶ 22). The new manager gave "Plaintiff a difficult time over her protected time off (FMLA leave) and requests for accommodations under

the Americans with Disabilities Act ('**ADA**')."[1] (*Id.*). Plaintiff first complained to her new manager that her requested leave was protected, and later complained to human resources. (*Id.*).

Concurrently, Plaintiff observed and documented "constant violation[s] of numerous laws, rules, and regulations" by Defendant in the store where she worked. (*Id.* ¶ 23). Plaintiff informed Defendant that the store's condition—namely, objects blocking exit doors—was in violation of applicable fire hazard codes. (*Id.* ¶ 24). Plaintiff reported other issues, including Occupational Safety and Health Act ("**OSHA**") violations, bodily fluids in the store, a roach infestation, and that salmonella[2] and bugs were present in the cooler, to Defendant. (*Id.*). Plaintiff contends Defendant ignored her complaints and told her the reported problems were not Plaintiff's responsibility. (*Id.*).

Beginning around the time Plaintiff started reporting issues in the store, Defendant's treatment of Plaintiff's FMLA applications changed. (*Id.* ¶ 25). Plaintiff requested further FMLA intermittent leave, as she had previously done, to care for her son. (*Id.*). The paperwork was timely submitted "nearly the same" as previous, approved requests, but this application was denied. (*Id.* ¶ 26). Plaintiff submitted two more FMLA requests in February and March 2017. (*Id.*).

Plaintiff's manager then "began retaliating against Plaintiff by writing her up and putting her on a bogus performance improvement plan(s)." (*Id.* ¶ 27). In March 2017, Plaintiff complained to Defendant "that she was being harassed, not accommodated,

---

[1] The Amended Complaint, however, does not assert an ADA claim.

[2] Plaintiff alleges the presence of salmonella in the cooler but does not provide additional facts to explain Plaintiff's knowledge of the cooler bacteria.

discriminated against, and retaliated against by her new Store Manager." (*Id.* ¶ 28). In response, Defendant promised an investigation and told Plaintiff her manager would be transferred. (*Id.*).

Defendant next denied Plaintiff's final FMLA request and terminated her on April 13, 2017, citing "insubordination". (*Id.* ¶ 29). Plaintiff alleges her firing was retaliation for her FMLA leave requests and reports of legal and regulatory violations at her store. (*Id.*).

Following her termination, Plaintiff initiated this action alleging Defendant terminated her for reporting "violations of laws, rules, and regulations, and her requesting FMLA leave" in violation of The Florida Whistleblower Act ("**FWA**"), FMLA, and the Florida Civil Rights Act ("**FCRA**"). (*Id.* ¶ 29). The Amended Complaint proceeds in four Counts: Retaliation under the FWA (Count I), Retaliation under the FMLA (Count II), Interference under the FMLA (Count III), and Retaliation under the FCRA (Count IV).

## II. STANDARD OF REVIEW

To survive a motion to dismiss made pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions and recitation of a claim's elements are properly disregarded, and courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Courts must also view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th

3

Cir. 1994) (per curiam). In sum, courts must (1) ignore conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; (2) accept well-pled factual allegations as true; and (3) view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 67.

### III. DISCUSSION

Defendant moves to dismiss Counts I and IV of the Amended Complaint for failure to state plausible claims to relief. (Doc. 16, p. 1). Defendant further moves for a more definite statement. (*Id.*).

#### A. Count One: FWA Retaliation

The Amended Complaint alleges one count of retaliation in violation of the FWA. The FWA bars employers from "any retaliatory personnel action against an employee because the employee has . . . [o]bjected to, or refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule, or regulation." Fla. Stat. § 448.102. The Act serves as an exception to Florida's at-will employment laws and vests employees with a cause of action when their private employers take certain proscribed retaliatory actions. *Evey v. Creative Door & Millwork, LLC,* No. 2:15-cv-441, 2016 WL 1321597, at *3 (M.D. Fla. Apr. 5, 2016). To state a plausible claim for FWA retaliation, Plaintiff must allege "that 1) she engaged in a statutory protected activity; 2) she suffered an adverse employment action; and 3) there was a causal connection between the two events." *McShea v. Sch. Bd. of Collier Cty.*, 58 F. Supp. 3d 1325, 1346 (M.D. Fla. 2014)

To meet the first prong Plaintiff must plead "that [she] objected to or refused to participate in (i) an illegal activity, policy, or practice of an employer, (ii) illegal activity of

anyone acting within the legitimate scope of their employment, or (iii) illegal activity of an employee that has been ratified by the employer." *McIntyre v. Delhaize Am., Inc.*, No. 8:07-CV-2370T30TBM, 2009 WL 1039557, at *3 (M.D. Fla. Apr. 17, 2009), *aff'd*, 403 F. App'x 448 (11th Cir. 2010) (per curiam). All that's required to satisfy the first prong is a "plausible allegation of what Plaintiff, in good faith, believes to be a violation of a law, rule or regulation." *Burns v. Medtronic, Inc.*, No. 8:15-CV-2330-T17-TBM, 2016 WL 3769369, at *5 (M.D. Fla. July 12, 2016).[3]

Viewed in the light most favorable to Plaintiff, the Amended Complaint alleges sufficient facts to demonstrate that Plaintiff engaged in protected activities when she reported to Defendant the known conduct of Defendant which were actual violations of health and safety laws and regulations. (Doc. 16, ¶ 24(a)-(d), ¶ 28).[4] The Amended Complaint states a plausible FWA retaliation claim.

### B. Count Four: FCRA Retaliation

Plaintiff also alleges a single count of retaliatory discharge under the FCRA pursuant to an associational discrimination theory. (Doc. 17 p. 10). Defendant moves to dismiss, arguing Plaintiff did not allege statutorily protected activity because the FCRA

---

[3] Although Defendant asserts that Plaintiff must allege an actual violation of law to survive dismissal (Doc. 16, p. 7), Plaintiff correctly points out that this district has heretofore only required allegations of a reasonable belief of a violation (Doc. 17, p. 6). *Burns*, 2016 WL 3769369, at *5.

[4] Defendant also briefly argues that the Amended Complaint fails to allege violations by *Defendant*, instead only alleging violations committed by an *employee*. (Doc. 16, p. 7). This argument is under-developed and unconvincing. The Amended Complaint alleges persistent legal and regulatory violations committed by her manager. She also reported discriminatory denials of FMLA leave requests to the human resources department, purportedly resulting in her firing. Defendant has not identified a case where like allegations were found insufficient.

does not recognize associational disability discrimination. The Court agrees with Defendant.

Employers are prohibited from retaliating "against any person because that person has opposed . . . an unlawful employment practice under [the FCRA]." Fla. Stat. § 760.10(7). To state a plausible FCRA retaliation claim, Plaintiff must aver "(1) that [Plaintiff] engaged in statutorily protected activity; (2) that [Plaintiff] suffered adverse employment action; and (3) that the adverse employment action was causally related to the protected activity." *Harper v. Blockbuster Entm't Corp.*, 139 F.3d 1385, 1388 (11th Cir. 1998) (per curiam).

While the FCRA prohibits employers from discriminating against employees because of a disability, it does not protect associational disability discrimination or FMLA violations. *Beatty v. United Parcel Serv., Inc.*, No. 2:15-CV-607-FTM-38CM, 2015 WL 7777520, at *2 (M.D. Fla. Dec. 3, 2015). Therefore, allegations of associational disability discrimination cannot support an FCRA retaliation claim. *Id.*

Plaintiff has therefore not pled a plausible claim for FCRA retaliation. Plaintiff acknowledges that her claim is based upon her association with her disabled son, which is not protected by the FCRA. (Doc. 17, p. 9). Thus, Defendant's motion to dismiss Count IV is due to be granted. To the extent Plaintiff seeks to bring a claim based upon associational disability discrimination, Plaintiff must move to amend. *See* Fed. R. Civ. P. 7(b).

### C. More Definite Statement

Finally, Defendant moves for a more definite statement on the ground that the Amended Complaint is a shotgun pleading. (Doc. 16, p. 1).

Federal Rule of Civil Procedure 12(e) states that a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A more definite statement "is appropriate if the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]. The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Ramirez v. FBI*, No. 8:10–cv–1819–T–23TBM, 2010 WL 5162024, at *2 (M.D. Fla. Dec. 14, 2010).

In *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit outlined four types of shotgun complaints:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. *Id.* at 1321–23 (footnotes omitted).

*Id.*

The Amended Complaint does not fall into any of the Weiland categories of shotgun pleading. Nor is Plaintiff's Complaint an "unintelligible pleading." The Amended Complaint contains adequate detail to give Defendant notice of the claims advanced and bases for each. Thus, a more definite statement is not warranted.

**IV. CONCLUSION**

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Walgreen Co.'s Motion to Dismiss the Amended Complaint or in the Alternative, for a More Definite Statement (Doc. 16) is **GRANTED IN PART** and **DENIED IN PART**. Count IV is **DISMISSED WITH PREJUDICE**. The Motion is otherwise denied. Defendant shall answer the Amended Complaint on or before July 29, 2019.

**DONE AND ORDERED** in Orlando, Florida on July 15, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE